**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL HARVEY RIGGS, | No. 17-16197 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00477-MMD-WGC |
| v. | |
| WILLIAM SANDIE, Acting Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Nevada state prisoner Daniel Harvey Riggs appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising out of state court criminal proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Whitaker v. Garcetti*, 486 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Riggs's claims against defendants Flanagan, Deriso, and Mancuso as barred by judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are immune from suit for acts performed in their official capacities).

The district court properly dismissed as *Heck*-barred Riggs's claims based on double jeopardy, an invalid search that led to his conviction, and the invalidity of the state statute used to convict him, because success on his claims would necessarily imply the invalidity of his sentence, and Riggs failed to show that his sentence has been invalidated. *See Heck*, 512 U.S. at 486-87 ("[If] a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**